ELECTRONICALLY FILED
2021 Aug 12 12:29 PM
CLERK OF COURT

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ISLAM CHOMAEV

    Plaintiff,

v.                                    DOCKET NO: _____
                                        JURY DEMANDED

MCLANE FOODSERVICE, INC. and
ZO AUSTIN

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Islam Chomaev, by and through the undersigned counsel, and respectfully submit this Complaint and states as follows:

### PARTIES

1. The Plaintiff, ISLAM CHOMAEV hereinafter ("Plaintiff") is an adult resident and citizen of Munford, Tipton County, Mississippi.

2. Upon information and belief, the Defendant, MCLANE FOOD SERVICE, INC. hereinafter ("McLane") is licensed to do business in the state of Tennessee and, upon further information and belief, is doing business in the state of Tennessee, who may be served with process through its registered agent, CT Corporation System at 300 Montvue Road, Knoxville, TN 37919.

3. Upon information and belief, the Defendant, Zo Austin, hereinafter ("Austin") is believed to be an adult resident and citizen of Southaven, Desoto County, Mississippi who may be served with process at his last known address of 3264 E. Heartland Drive, Southaven, MS

1



38672, and was the employee of Defendants MCLANE FOODSERVICE, INC., or in the alternative, was an independent contractor operating a truck with the express permission of Defendant, MCLANE FOODSERVICE, INC..

4. The Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of an 18-wheeler driven by Defendant Austin in Memphis, Shelby County, Tennessee on or about August 14, 2020, and, upon information and belief, the 18-wheeler is owned by Defendant McLane Foodservice, Inc.

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint occurred in Memphis, Shelby County, Tennessee.

6. Venue is properly situated in Shelby County, Tennessee.

7. This Court has jurisdiction over the subject matter of this litigation.

## FACTS

8. On or about August 14, 2020, the Plaintiff, was operating a tractor-trailer, and was operating in McLane Yard in Memphis, Shelby County, Tennessee.

9. At said date, time and place Defendant Austin, while also operating in the McLane Yard, suddenly and without warning, violently slammed into the driver's side of Plaintiff's vehicle.

10. At said date, time and place, Defendant Austin negligently failed to maintain a proper lookout, keep a safe distance between vehicles, and control of the 18-wheeler he was operating and violently collided with Plaintiff's vehicle, causing serious injuries to the Plaintiff.

11. At all times pertinent to this Complaint, McLane Foodservice, Inc. was acting through its agent, servant, employee and/or independent contractor, specifically, their driver, Defendant Austin, and therefore, the Plaintiff relies on the doctrine of *Respondeat Superior*.

2

12. Defendant McLane Foodservice, Inc, Inc. is the true owner of the 18-wheeler.

13. Plaintiff pleads Defendant Austin was operating the 18-wheeler under Defendant McLane Foodservice, Inc.'s direct authority, consent and knowledge pursuant to Tennessee Code §55-10-311.

## CAUSE OF ACTION
## NEGLIGENCE

14. Plaintiff reincorporates paragraphs 1-13 as though set forth verbatim.

15. Defendant Austin, was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant McLane Foodservice, Inc.

16. Plaintiff relies upon the doctrines of agency, *Respondeat Superior*, and avers that Defendant McLane Foodservice, Inc is liable for the negligence of its employee, agent, and/or independent contractor, Defendant Austin.

17. Defendant Austin had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the life and welfare of the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of and around him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

18. Defendant Austin acted with less than and/or failed to act with ordinary and reasonable care in the operation of the 18-wheeler.

19. Defendant Austin had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including but not limited

to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

20.  Defendant Austin is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

    a. Negligent in failing to use that degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. Negligent in failing to maintain a proper lookout for other vehicles and persons;

    c. Negligent in failing to warn Plaintiff;

    d. Negligently failing to yield to the Plaintiff;

    e. Negligently failing to adequately and reasonably monitor the flow of traffic;

    f. Negligent in failing to devote his full time and attention to the operation of his vehicle;

    g. Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

    h. Negligent in failing to prevent the accident and resulting injuries of the Plaintiff when he knew, or in the exercise of ordinary care, should have known that a collision was imminent;

    i. Negligent in striking the vehicle in front of him;

    j. Negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

    k. Negligent in failing to yield the right of way to other vehicles in his path;

4

1. Speeding under the then and there existing circumstances.

## NEGLIGENCE *PER SE*

21.     The Plaintiff repeats the allegations contained in paragraphs 1-20 as though set forth verbatim.

22.     Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant Austin, are imputed to Defendant McLane Foodservice, Inc.

23.     Defendant Austin is guilty of violating the following statutes of the State of Tennessee that were in full force and effect at the time of the incident, which are the direct and proximate cause of the injuries complained of herein, to wit:

**Section 55-8-103**   *Required obedience to traffic laws –*
*It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.*

**Section 55-8-136**   *Drivers to exercise due care –*
*(a) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.*

**Section 55-10-202**   *Operating a vehicle contrary to law –*
*(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*

**Section 55-10-205**   *Reckless driving.*
*(a)Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

24.     Defendant McLane Foodservice, Inc. is guilty of violating the following ordinances of the City of Memphis that were in full force and effect at the time of the incident, which are the

5

direct and proximate cause of the injuries complained of herein, to wit:

*Sec. 11-16-2. Duty to devote full time and attention to operating vehicle;*

*Sec. 11-16-3. Duty to drive at safe speed, maintain lookout and keep vehicle under control;*

*Sec. 11-16-44. Reckless driving.*

25. Defendant McLane Foodservice, Inc was also **independently** negligent in the following ways:

   a. Negligently hiring or contracting with Defendant Austin to drive the 18-wheeler at issue;

   b. Negligently training Defendant Austin in the inspection of the 18-wheeler;

   c. Negligently entrusting Defendant Austin to drive a 18-wheeler professionally;

   d. Negligently retaining Defendant Austin to drive the 18-wheeler at issue;

   e. Failing to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant Austin;

   f. Failing to supervise its employee, agent and/or contractor, Defendant Austin;

   g. Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

   h. Failing to properly maintain the 18-wheeler at issue in this case;

   i. Otherwise violating state laws and federal regulations governing trucking companies; and

   j. Otherwise failing to act as a reasonably prudent company under the

6

circumstances.

26. Defendant McLane Foodservice, Inc. had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

27. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

28. The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

29. Upon information and belief, Defendant McLane Foodservice, Inc. maintained the 18-wheeler being operated by Defendant Austin for the use of business and commercial purposes.

30. At all times relevant, the 18-wheeler driven by Defendant Austin was being operated and used with the authority, consent and knowledge and/or as an agent for Defendant McLane Foodservice, Inc., and/or for its use and benefit and/or as an agent for McLane Foodservice, Inc., for a business purpose. Thus, McLane Foodservice, Inc. are liable to the Plaintiff for the negligence and negligence *per se* of Defendant Austin pursuant to the principles of *respondeat superior*, agency, bailment and/or under the presumptions set forth in Tenn. Code Ann. § 55-10-311 and 55-10-312.

## NEGLIGENT ENTRUSTMENT

31. Upon information and belief, Defendant McLane Foodservice, Inc. furnished and/or gave permission to Defendant Austin to use the 18-wheeler and thus was negligent in entrusting the operation of the 18-wheeler owned by McLane Foodservice, Inc., which was the direct and proximate cause of the damages to Plaintiff.

32. At all times relevant, the 18-wheeler driven by Defendant Austin was entrusted to him by Defendant McLane Foodservice, Inc., in spite of Defendant Austin's incompetence to use it and Defendant McLane Foodservice, Inc. knowledge of his incompetence. Thus, Defendant McLane Foodservice, Inc. is liable to the Plaintiff for the negligent entrustment of the vehicle to Defendant Austin.

## NEGLIGENT HIRING

33. The Defendant McLane Foodservice, Inc. negligently hired, retained, and/or was negligent in their supervision of Defendant Austin in the course and scope of his duties as an agent/employee of McLane Foodservice, Inc.

34. That Defendant McLane Foodservice, Inc.'s hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of their 18-wheeler.

## NEGLIGENT SUPERVISION

35. That Defendant McLane Foodservice, Inc. failed to adequately supervise and train their employees/agents, and in particular Defendant Austin, which resulted in injury to Plaintiff.

## NEGLIGENT MAINTENANCE

36. That Defendant McLane Foodservice, Inc. failed to properly maintain the 18-wheeler under their ownership and control, which contributed to and/or resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

37. Plaintiff reincorporates the allegations contained in paragraphs 1-36 as though set forth verbatim.

38. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence and/or violations of the statues of the State of Tennessee on the part of the Defendants that the Plaintiff has suffered damages, including but not limited to:

    (a) Serious and severe personal injuries and damages;

    (b) Physical pain, mental suffering and anguish, both past and future;

    (c) Loss of ability to enjoy the normal pleasures of life, both past and future;

    (d) Permanent scarring, injury and disfigurement;

    (e) Lost wages, both past and future;

    (f) Other non-pecuniary losses; and

    (g) Medical expenses, both past and future.

39. As a direct and proximate result of the negligence, and acts or omissions of the Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

2. That Plaintiff be awarded the present cash value of any medical care and treatment that has or will have to undergo;

3. That the Plaintiff be awarded compensatory damages in the amount of Seven Hundred Fifty Thousand dollars and no/100ths Dollars ($750,000.00);

4. That Plaintiff be awarded post-judgement interest as allowed by law;

5. That a jury be empaneled to try the issues which are joined; and
6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC.**

Mohammed Farraj, Esq., BPR#36519
*Attorney for the Plaintiff*
80 Monroe Ave, Suite 900
Memphis, TN 38103
Phone: 901-334-2073
Fax: 901-390-7476
mfarraj@forthepeople.com

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2021 Aug 13 8:07 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

( • ) Lawsuit
( ) Divorce

Ad Damnum $ _____

**Plaintiff(s):** ISLAM CHOMAEV

VS

**Defendant(s):** MCLANE FOODSERVICE, INC. and ZO AUSTIN

TO: (Name and Address of Defendant (One defendant per summons))

McLane Foodservices, Inc.
C/O CT Corporation System
300 Montvue Road
Knoxville, TN 37919

**Method of Service:**
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
( • ) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Mohammed Farraj Plaintiff's attorney, whose address is 80 Monroe Ave., Suite 900, Memphis, TN 38103 telephone 901-334-2073 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** ISLAM CHOMAEV VS MCLANE FOODSERVICE INC

**Case Number:** CT-3260-21

**Type:** SUMMONS ISSD TO MISC

*Marisha D. Allen*
Marisha Allen, DC

Electronically signed on 08/13/2021 09:16:13 AM

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2021 Aug 13 8:07 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

● Lawsuit
○ Divorce

Docket No. _____

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ISLAM CHOMAEV | VS | MCLANE FOODSERVICE, INC. and ZO AUSTIN |

TO: (Name and Address of Defendant (One defendant per summons))

Zo Austin
3264 E. Heartland Drive
Southaven, MS 38672

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Mohammed Farraj Plaintiff's attorney, whose address is 80 Monroe Ave., Suite 900, Memphis, TN 38103 telephone 901-334-2073 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                    Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                         By: _____
                                                             Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** ISLAM CHOMAEV VS MCLANE FOODSERVICE INC

**Case Number:** CT-3260-21

**Type:** SUMMONS ISSD TO MISC

*Marisha Allen*
Marisha Allen, DC

Electronically signed on 08/13/2021 09:16:13 AM